JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Louis Stoskopf ("appellant") appeals from the decision of the Strongsville, Ohio, Mayor's court. On November 22, 2002, the Strongsville Mayor's Court found and ruled that appellant exceeded the posted school zone speed limit of 20 m.p.h. and found appellant guilty. Having reviewed the arguments of the parties and the pertinent law, we affirm the lower court.
 I {¶ 2} Appellant in this case was found guilty of exceeding the posted speed limit in a school zone. Appellant was found guilty of violating Strongsville Municipal Ordinance 434.03, which is synonymous to R.C. 4511.21, titled speed limits; school zones; modifications. On September 4, 2002, appellant was cited for operating his motor vehicle at a speed of 31 m.p.h. in a designated school zone with a limit of 20 m.p.h. Appellant now appeals from the verdict of the Strongsville Mayor's Court.
 II {¶ 3} Appellant's first assignment of error states: "The lower court's verdict was against the weight of evidence as the state failed to establish a prima facie case that a school zone was violated: (A) during the prescribed time, under R.C. 4511.21(B)(1)(a) when children were present and (B) that the traffic control device was functioning properly at the time."
 {¶ 4} The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. With respect to sufficiency of the evidence, sufficiency is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law. In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. State v.Thompkins (1997), 78 Ohio St.3d 380.
 {¶ 5} Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence. Weight of the evidence concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief. When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a thirteenth juror and disagrees with the fact finder's resolution of the conflicting testimony. Id.
 {¶ 6} As to the weight of the evidence, the issue is whether the jury created a manifest miscarriage of justice in resolving conflicting evidence, even though the evidence of guilt was legally sufficient. Statev. Issa (2001), 93 Ohio St.3d 49, 67; also, see, State v. Thompkins, Id.
 {¶ 7} It is with the above standards in mind that we now address appellant's assignment of error. Appellant states in his first assignment of error that, according to R.C. 4511.21(B)(1)(a), the state must establish that the school was either in recess or "opening or closing," "while children are going or leaving school." Appellant argues that, according to the relevant statute, the school zone speed limitation is not effective when the school is in session. He states that the statute does not apply during school hours because the students are not entering or exiting the school grounds. Appellant further argues that because he received his citation at 9:00 a.m. when the children were already in school, he was not in violation of the statute.
 {¶ 8} R.C. 4511.21 covers posted speed limits in school zones and states the following:
"(A) No person shall operate a motor vehicle, trackless trolley, orstreetcar at a speed greater or less than is reasonable or proper, havingdue regard to the traffic, surface, and width of the street or highwayand any other conditions, and no person shall drive any motor vehicle,trackless trolley, or streetcar in and upon any street or highway at agreater speed than will permit the person to bring it to a stop withinthe assured clear distance ahead.
 "(B) It is prima-facie lawful, in the absence of a lower limit declaredpursuant to this section by the director of transportation or localauthorities, for the operator of a motor vehicle, trackless trolley, orstreetcar to operate the same at a speed not exceeding the following:
 "(1)(a) Twenty miles per hour in school zones during school recess andwhile children are going to or leaving school during the opening orclosing hours, and when twenty miles per hour school speed limit signsare erected; except that, on controlled-access highways and expressways,if the right-of-way line fence has been erected without pedestrianopening, the speed shall be governed by division (B)(4) of this sectionand on freeways, if the right-of-way line fence has been erected withoutpedestrian opening, the speed shall be governed by divisions (B)(8) and(9) of this section. The end of every school zone may be marked by a signindicating the end of the zone. Nothing in this section or in the manualand specifications for a uniform system of traffic control devices shallbe construed to require school zones to be indicated by signs equippedwith flashing or other lights, or giving other special notice of thehours in which the school zone speed limit is in effect."
 (Emphasis added.)
 {¶ 9} R.C. 4511.21(B)(1)(a) states that the statute only applies "* * * during school recess and while children are going to or leaving school during the opening or closing hours, and when twenty miles per hour school speed limit signs are erected * * *." The statute states that children must be going to or leaving school in order for the statute to apply.
 {¶ 10} From a record marked by many "inaudible" moments, there is not clear testimony as to when school began. The transcript shows the following discussion during cross-examination of the police officer by defendant, pro se:
 {¶ 11} "Q. Well, do you know for a fact what time the school operates that that school zone is —
 {¶ 12} Starts at 9:00 o'clock.
 {¶ 13} 9:05?
 {¶ 14} (Inaudible)."[1]
 {¶ 15} The transcript indicates that the court later addressed defendant and stated: "You said that school began at 9:05, is that correct, so the only testimony [sic] that school was in session beginning at 9:05. Very good."[2] Here, the court mistakenly assumed that this testimony came from defendant, whereas the statement of the time school starts occurred in a question by the defendant, pro se, while he was cross-examining the police officer, whose answer was inaudible. A question put to a witness is not testimony. Although the court mistakenly attributed the statement as testimony of the defendant, the defendant never denied making the statement. From such a record, however, it is impossible to conclude with certainty when the school session began.
 {¶ 16} In a discussion with the court after cross-examination ended, the defendant, pro se, said on the record the following: "The statute says that they can only enforce it [reducing speed in school zone] when school is not in session. That would be after 9:00o'clock."[3] (Emphasis added.) Thus the defendant appears to concede that the time of enforcement does not end precisely at 9:00 o'clock, but rather after 9:00 o'clock.
 {¶ 17} The citation says defendant was speeding at 9:00 a.m. If school began at 9:00 a.m., then the school zone speed law did not cease until after 9:00 a.m. To rephrase it metaphorically, the school zone speed law did not cease until after the clock stopped chiming. Therefore, defendant violated the school zone law.
 {¶ 18} Appellant additionally claims in his first assignment of error that the state failed to establish that the traffic control device was functioning properly. Appellant states that the beacon lights continued to flash after 9:00 a.m. and that was a violation of the statutory mandate.
 {¶ 19} The relevant section of R.C. 4511.21(B)(1)(a) addresses the display of control devices and states:
"(1)(a) Twenty miles per hour in school zones * * * Nothing in thissection or in the manual and specifications for a uniform system oftraffic control devices shall be construed to require school zones to beindicated by signs equipped with flashing or other lights, or givingother special notice of the hours in which the school zone speed limit isin effect." (Emphasis added.)
 {¶ 20} The statute declares that there is nothing in the law or in the manual that requires school zones to turn off the beacon lights at a predetermined time. Indeed, there is nothing in the statute or manual that even requires the school zones to be marked with flashing lights or other special notice; it only requires that general signs designating the school zone be erected. "As R.C. 4511.21(B)(1) makes clear, the speed limit within a school zone, at times when such school zone is in effect, is twenty m.p.h. The section specifically states that the zone need not be designated by flashing lights or signs giving special notice of effective hours. Rather, it is only required that general signs designating the school zone be erected." Haithcock v. Hunter, Madison App. No. CA2000-01-001, 2000-Ohio-4541. The analysis above demonstrates that it is irrelevant that the beacon lights remained on during appellant's citation.
 {¶ 21} After reviewing the entire record, weighing all the evidence and all reasonable inferences drawn therefrom, and considering the credibility of the witnesses, we conclude that appellant's conviction was not against the manifest weight of the evidence. Accordingly, we overrule appellant's first assignment of error.
 III {¶ 22} Appellant's second assignment of error states: "The lower court committed reversible error in ruling, as a matter of law, that the subject school zone was `adequately' marked, in conformity with R.C.4511.09, R.C. 4511.12 and the OMUTCD."
 {¶ 23} R.C. 4511.09 covers the uniform system of traffic control devices and provides the following:
"The department of transportation shall adopt a manual andspecifications for a uniform system of traffic control devices, includingsigns denoting names of streets and highways, for use upon highwayswithin this state. Such uniform system shall correlate with, and so faras possible conform to, the system approved by the American Associationof State Highway Officials."
 {¶ 24} R.C. 4511.12 states that the official sign need only be sufficiently legible to be seen by an ordinarily observant person. R.C.4511.12 provides in part:
"No pedestrian, driver of a vehicle, or operator of a streetcar ortrackless trolley shall disobey the instructions of any traffic controldevice placed in accordance with this chapter, unless at the timeotherwise directed by a police officer.
 No provision of this chapter for which signs are required shall beenforced against an alleged violator if at the time and place of thealleged violation an official sign is not in proper position andsufficiently legible to be seen by an ordinarily observant person. * **" (Emphasis added.)
 {¶ 25} The signs were sufficiently legible to have been seen by appellant; in fact, appellant stated in his testimony that he did see the school zone signs. Appellant testified that he knew he was in a school zone and he was aware of the pavement which read "school zone."[4]
Moreover, appellant acknowledged in his testimony that he was speeding.[5]
 {¶ 26} R.C. 4511.21(B)(1)(a) does not require that the city display a sign notifying drivers exactly where the school zone ends. R.C.4511.21(B)(1)(a) states the following:
"(B)(1)(a) Twenty miles per hour in school zones * * *. The end ofevery school zone may be marked by a sign indicating the end of thezone. * * *"
 {¶ 27} The statute does not mandate that the city mark the school zone with a sign indicating the end of the school zone, only that it may
do so.
 {¶ 28} Therefore, appellant's claim that the white letters painted on the pavement were of imprecise size is incorrect. As previously stated, there is no requirement in R.C. 4511.21 that the end of the school zone must be displayed, only that it may be displayed. Consequently, the city adequately marked the end of the school zone.
 {¶ 29} Appellant's second assignment of error is overruled. The decision of the lower court is affirmed.
Michael J. Corrigan, P.J., and Diane Karpinski, J., concur.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Berea Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] Tr. 10.
[2] Tr. 16.
[3] Tr. 16.
[4] Tr. p. 14.
[5] Tr. p. 14.